## James H. Gruer et al. v. The People, etc., for use of Lottie Hall.

1. BASTARDY—*Escape—Liability of Constable on his Bond.*—A constable who permits a prisoner in his custody on a charge of bastardy to escape is liable on his official bond for substantial damages.

Bastardy.—Appeal from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

A. A. LEEPER and J. N. GRIDLEY, attorneys for appellants.

R. W. MILLS, attorney for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of debt on the official bond of a constable. The breach assigned was that the officer permitted a prisoner in his custody on a charge of bastardy to escape, whereby the complainant lost her remedy under the statute against the prisoner. The cause was tried by the court, a jury being waived. The issues were found for the plaintiffs and the damages were assessed at $300. Judgment followed accordingly, from which the present appeal is prosecuted.

The proof sufficiently supported the allegations of the declaration, and the only important question is whether the damages are excessive. The appellants insist that on the evidence only nominal damages should have been allowed. It appeared that the prisoner was a young man, a printer by occupation, at the time of the arrest; that he had formerly been a railroad brakeman; that he was quite capable of earning and paying the full amount allowable to the complainant under the statute, and that he had relatives who could, if they would, have furnished him security upon the necessary bonds.

The statute provides the coercive remedy of imprisonment *nisi* limited to a certain period, but supposed to be

effective in ordinary cases. It would work a palpable evasion of the law to permit an escape, and to answer the complainant with merely nominal damages when she had lost this remedy. In view of the evidence it is quite probable that had the machinery of the law operated fully the complainant would have obtained the compensation provided by the statute.

The negligence of the officer deprived her of a valuable right, and the damages assessed are not too high.

The judgment will be affirmed.